UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTOR LUCIANO CONTENTO LABANDA,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ et al.,<br><br>Respondents. | Civil No. 26-12702-LTS |

MEMORANDUM AND ORDER ON
MOTION FOR ATTORNEYS' FEES (DOC. NO. 10)

September 10, 2026

SOROKIN, J.

Victor Luciano Contento Labanda, the petitioner in this habeas action, seeks an award of attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. No. 10. The respondents oppose the request. Doc. No. 11. For the reasons that follow, Contento Labanda's motion is ALLOWED.

On June 15, 2026, Contento Labanda filed a habeas petition in this Court challenging his ongoing detention by the respondents without being provided a bond hearing. Doc. No. 1. He alleged he was a member of the class of individuals certified and granted declaratory relief by another session of this Court late last year. See id. at 7 n.1 (identifying Contento Labanda as member of class in Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS (D. Mass.)).

The respondents answered the petition three days later, submitting an abbreviated memorandum that conceded Contento Labanda's claim was similar to those presented by other petitioners this Court had recently granted relief, and that "the same result" would apply here if

the Court adhered to its reasoning. Doc. No. 6. The abbreviated did not dispute Contento Labanda's allegation of membership in the Guerrero Orellana class. Id.

After reviewing these submissions, the Court promptly allowed the petition. Doc. No. 7. As relief, the Court ordered the respondents to release Contento Labanda by June 25, 2026, "unless he is provided a bond hearing under 8 U.S.C. [§] 1226(a) before" then, with the "burdens of proof" defined by binding First Circuit precedent applicable at any bond hearing Id. In a status report filed June 30, the respondents notified the Court that a bond hearing had occurred on June 25, at which an immigration judge had set bond. Doc. No. 8. The day after that hearing, Contento Labanda posted bond and was released. Id.

Judgment entered on June 30. Doc. No. 9. On July 23, Contento Labanda filed a motion pursuant to the EAJA seeking an award of attorneys' fees. Doc. No. 10. The motion was supported by an itemized statement of work performed by counsel on this case. Doc. No. 10-1. The total amount of fees is $2,375 (9.5 hours of work, at an hourly rate of $250). Id. at 2.

The respondents have opposed the motion on one ground, urging that immigration habeas matters are not "civil actions." Doc. No. 11. They advance no other objections.

Pursuant to the EAJA:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The same statute goes on to specify:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application which shows . . . the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.

§ 2412(d)(1)(B).

The EAJA is an exception to the general rule that "each party is . . . required to bear its own attorneys' fees." Castañeda-Castillo v. Holder, 723 F.3d 48, 56 (1st Cir. 2013). It is "strictly construed in favor of the government," because "it effectively amounts to a partial waiver of sovereign immunity by the United States." Id. at 57. From the statutory text, the First Circuit has derived four prerequisites to securing an EAJA award: 1) "prevailing party" status in a "civil action"; 2) a timely request for fees; 3) that the government's position in the action "was not substantially justified," and 4) the absence of "special circumstances" that would "make an award against the government unjust." Id. Only one of those conditions is at issue here.[1]

This Court has considered and rejected in several other cases the respondents' argument that matters such as this one are not "civil actions" for purposes of the EAJA. Here, again, the Court incorporates by reference and adopts the reasoning articulated by the Third Circuit to explain why "the EAJA unambiguously applies to habeas challenges to immigration detention under 28 U.S.C. § 2241." Peruano v. Wesling, No. 26-cv-10300-LTS, 2026 WL 1413758, at *12 & n.18 (D. Mass. May 20, 2026) (quoting and adopting Michelin v. Warden, Moshannon Valley Corr. Ctr., 169 F.4th 418, 421–33, 435–36 (3d Cir. 2026)).[2] Other sessions of this Court have

---

[1] The respondents have not challenged Labanda Contento's status as a "prevailing party," claimed their position in this action was "substantially justified," identified any "special circumstances" rendering an award unjust, or contested the rate claimed or number of hours performed by counsel. All of those objections are therefore WAIVED. They also have not challenged the timeliness of Contento Labanda's fee motion. The motion was filed within thirty days of this Court's June 30 judgment, which the respondents have not appealed and is now final. See Fed. R. App. P. 4(a)(1)(B) (setting appeal deadlines); see also Melkonyan v. Sullivan, 501 U.S. 89, 103 (1991) (noting EAJA does not permit fee award before judgment is final but suggesting party seeking such award is not foreclosed from receiving one by virtue of submitting request prematurely).

[2] See also Order at 6 & n.4, Ajbal v. Wesling, No. 26-cv-10190-LTS (D. Mass. Mar. 27, 2026), ECF No. 27; Order at 3 n.1, Ribeiro v. Wesling, No. 25-cv-13887-LTS (D. Mass. June 5, 2026), ECF No. 22; Order at 3 n.1, Lopes v. Hyde, No. 25-cv-14017-LTS (D. Mass. June 5, 2026), ECF No. 17; Mem. & Order at 4–5, Tuzolana v. Hyde, No. 26-cv-10259-LTS (D. Mass. June 25, 2026), ECF No. 20, appeal filed, No. 26-1959 (1st Cir. Aug. 21, 2026); Elec. Order, Pacas v.

likewise rejected the government's attempt to narrow the meaning of "any civil action" in the EAJA, concluding instead that its plain meaning reaches civil lawsuits brought pursuant to § 2241 that challenge civil immigration detention. E.g., Ndongala v. Wesling, No. 26-cv-10194-ADB, 2026 WL 1534981, at *1 (D. Mass. June 1, 2026); Orrego v. Hyde, No. 26-cv-10260-BEM, 2026 WL 1480362, at *2 (D. Mass. May 27, 2026). Nothing in the respondents' memorandum in this case provides reason to revisit, let alone revise, the Court's conclusion that immigration habeas petitions are "civil actions" within the meaning of the EAJA.

Accordingly, Contento Labanda is entitled to an award of fees. His motion (Doc. No. 10) is ALLOWED. Because the respondents have not contested his submissions concerning the hours spent or the rate proposed for the work of his attorney, the Court awards him the total amount he seeks. By October 9, 2026, the respondents shall pay to Contento Labanda's counsel fees in the amount of $2,375. The respondents shall file a status report confirming compliance with this Order by the earlier of October 14, 2026, or within three days of making the required payment.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge

Wesling, No. 26-cv-10591-LTS (D. Mass. June 29, 2026), ECF No. 20; Mem. & Order at 5–6, Mijango Velasco v. Wesling, No. 26-cv-11355-LTS (D. Mass. July 7, 2026), ECF No. 24.